United States District Court
Southern District of Texas
**ENTERED**
October 13, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Tremaine Gordon and | § | |
| Cynthia L. Covington, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action H-22-4109 |
| | § | |
| Lowe's Home Centers, LLC, | § | |
| Thomas Willtrout, and | § | |
| Goldie Nickelson, | § | |
| *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court are Defendants Lowe's Home Centers, LLC, (Lowe's), Thomas Willtrout, and Goldie Nickelson's Motion for Partial Dismissal of Plaintiff Tremaine Gordon's Amended Complaint, ECF No. 29, and Defendants' Motion for Partial Dismissal of Plaintiff Cynthia L. Covington's Amended Complaint, ECF No. 30. The motions are before the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). The undersigned recommends that the motions be **DENIED**.

### 1. Background

Plaintiffs allege that they experienced discrimination and retaliation in 2020 and 2021 while employed by Lowe's. *See* ECF No. 28. At that time, store managers Willtrout and Nickelson supervised both Plaintiffs. *Id.* at 2–3. The amended complaint details the alleged violations of workplace restrictions, denial of leave, and harassment at the hands of Willtrout and Nickelson. *See id.* at 4–10. Plaintiffs allege that they filed multiple internal complaints against Willtrout and Nickelson before filing charges

of discrimination with the Texas Workforce Commission and the Equal Employment Opportunity Commission (EEOC). *See id.*

Plaintiffs allege that they exhausted administrative remedies before filing suit. *See* ECF No. 28 at 4. In the amended complaint, Plaintiffs allege that Defendants violated the Americans with Disabilities Act, the Texas Commission on Human Rights Act, the Family Medical Leave Act, the Family First Coronavirus Response Act, Title VII of the Civil Rights Act, and 42 U.S.C. § 1981. *See id.* at 10–18.

## 2. *Motion to Dismiss Standard*

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Courts accept "all well-pleaded facts as true" and "view[] them in the light most favorable to the plaintiff." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Federal Rule of Civil Procedure 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, the plaintiff must have pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). This plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact

to raise a reasonable expectation that discovery will reveal evidence" to support the allegations. *Twombly*, 550 U.S. at 556. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable[.]" *Id.*

### 3. Discussion

Defendants seek dismissal of all or part of each claim asserted in Plaintiffs' amended complaint. Defendants raise multiple issues that are outside the pleadings. For example, Defendants' arguments focus on potential defenses, such as failure to exhaust, limitations, and whether Lowe's is a covered employer under the Family First Coronavirus Response Act. These issues, as well as other arguments that Defendants raise, cannot be resolved based on the allegations or upon consideration of the EEOC charges and other documents attached to Defendants' motion to dismiss Plaintiff Gordon's claims, ECF No. 29.

This is not a factually simple case. Plaintiffs' amended complaint alleges multiple acts of discrimination and retaliation by two supervisors under five federal statutes and one state statute. Discovery is ongoing and is due by January 2, 2024. ECF No. 49. Dispositive motions must be filed by January 30, 2024. *Id.* At this stage, Plaintiffs do not have to prove their case; they need only to set out facts in support of a plausible claim for relief that raises a reasonable expectation that discovery will reveal supporting evidence. *See Twombly*, 550 U.S. at 556. Viewing Plaintiffs' factual allegations as true, Plaintiffs have done that much.

Moreover, Defendants' briefing shows that they are sufficiently on notice of the claims that Plaintiffs assert but merely doubt whether Plaintiffs will be able to prove their allegations. Because disputes of fact are evident, the issues raised

in Defendants' motions to dismiss are better resolved and judicial economy better served by deferring consideration of the legal issues until summary judgment. *Cf.* Fed. R. Civ. P. 12(a)(4)(A) (contemplating the postponement of disposition until trial). To be clear, the court's ruling here does not prevent Defendants from raising these same arguments in a summary judgment motion when the record has been fully developed and the court can examine all the documentary evidence and testimony.

### 4. Conclusion

For the above reasons, the court recommends that the motions to dismiss be denied without prejudice to Defendants' right to raise the issues in a summary judgment motion to be filed later in the case with all other dispositive motions.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn,* 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on October 13, 2023.

Peter Bray
United States Magistrate Judge

4