UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CYNTHIA L. COVINGTON TREMAINE GORDON, | § § § | |
| PLAINTIFFS, | § § | |
| V. | § § | CIVIL ACTION NO  4:22-CV-4109 |
| LOWE'S HOME CENTERS, LLC THOMAS ("TREY") WILLTROUT, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; AND GOLDIE NICKELSON, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES. | § § § § § § | (JURY TRIAL DEMANDED) |
| DEFENDANTS. | § § | |

## <u>LOWE'S HOME CENTERS, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF CYNTHIA COVINGTON'S CLAIMS AND OBJECTIONS TO PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE</u>

Defendant Lowe's Home Centers, LLC ("Lowe's") files this Reply in Support of its

Motion for Summary Judgment on Plaintiff Cynthia Covington's ("Covington") Claims (Doc. 71)

("Motion") and Objections to Covington's Summary Judgment Evidence as set forth in

Covington's Response in Opposition to Lowe's Motion (Doc. 79) ("Response").

Respectfully submitted,

BY:   *Claudine G. Jackson*
Claudine G. Jackson
Attorney-in-Charge
Texas State Bar No. 00793800
SD# 982259
Maritza Y. Sanchez
Texas State Bar No. 24089242
SD# 3667770

Phelps Dunbar LLP
201 Main Street, Suite 1350
Fort Worth, Texas 76102
Telephone: 817 386 1166
Facsimile: 817 386 1170
Email: claudine.jackson@phelps.com
Email: maritza.sanchez@phelps.com

PD.46663100.7

**ATTORNEYS FOR DEFENDANTS
LOWE'S HOME CENTERS LLC AND
THOMAS "TREY" WILLTROUT**

## CERTIFICATE OF WORD COUNT

Pursuant to the Honorable Drew B. Tipton's Court Procedures, I certify that this reply complies with the word limits set out in the Court's May 28, 2024 Order (Doc. 68). Excluding the tables of contents and authorities, caption, signature block and certificates, and based on the count provided by counsel's word processing system, this reply contains 4965 words.

*Claudine G. Jackson*
Claudine G. Jackson

## TABLE OF CONTENTS

I.  OBJECTIONS TO PLAINTIFF'S SUMMARY JUDGMENT
    EVIDENCE..................................................................................................6

    A.  Lowe's Objects to and Moves to Strike Exhibit B and Paragraphs
        11-13 of Exhibit C. ....................................................................................6

    B.  Lowe's Objects to and Moves to Strike the Declaration of
        Covington's Counsel and Covington, Exhibits C and D,
        Respectively...............................................................................................6

        1.  Exhibits C and D are not proper summary judgment
            evidence because neither declarant verified the contents as
            true and correct. ...........................................................................6

        2.  Paragraphs 5, 7, and 9-25 (or portions thereof) of Exhibit
            D, Covington's declaration, do not conform with Fed. R.
            Evid. 602 and are insufficient to defeat summary judgment. .....................7

        3.  Paragraph 15 and portion of Paragraph 25 of Exhibit D
            contain sham statements. ..............................................................10

II. UNOPPOSED CLAIMS ........................................................................................11

III. ARGUMENT AND AUTHORITIES ....................................................................12

    A.  Covington fails to establish a genuine issue of material fact related
        to disability or gender discrimination during the applicable
        limitations period. ....................................................................................12

    B.  None of Covington's summary judgment evidence creates a
        genuine issues of material fact of a disability or gender
        discrimination claim..................................................................................13

    C.  Covington failed to provide evidence creating a fact issue on
        essential elements of her retaliation claims under Title VII, the
        ADA, and TCHRA....................................................................................17

    D.  Covington failed to provide evidence of pretext...................................20

IV. CONCLUSION......................................................................................................21

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ackel v. Nat'l Commc'ns, Inc.*,
   339 F.3d 376 (5th Cir. 2003) ...............................................................................19

*Adetimehin v. Healix Infusion Therapy, Inc.*,
   2015 U.S. Dist. LEXIS 44549 (S.D. Tex. 2015) .....................................................8

*Axxiom Mfg., Inc. v. McCoy Invs., Inc.*,
   846 F. Supp. 2d 732 (S.D. Tex. 2012) .................................................................10

*Becerra v. Asher*,
   105 F.3d 1042 (5th Cir. 1997) ..................................................................6, 13, 17

*Bird v. Nat'l Aero. & Space Agency*,
   2022 U.S. Dist. LEXIS 26871 (S.D. Tex. 2022) .....................................................7

*Brown v. A.W. Brown-Fellowship Leadreship Acad.*,
   2020 U.S. Dist. LEXIS 219868 (N.D. Tex. 2020)...................................................18

*Carter v. Ridge*,
   2007 U.S. Dist. LEXIS 21793 (S.D. Tex. 2007) ...................................................19

*Celotex v. Catrett*,
   477 U.S. 317 (1986)...............................................................................................17

*Chambers v. Sears Roebuck & Co.*,
   428 F. App'x 400 (5th Cir. 2011) ..........................................................................14

*DIRECTV Inc. v. Budden*,
   420 F.3d 521 (5th Cir. 2005) ...................................................................................7

*Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*,
   220 F.3d 380 (5th Cir. 2000) .................................................................................10

*Eltalawy v. Lubbock Indep. Sch. Dist.*,
   816 F. App'x 958 (5th Cir. 2020) .............................................................................7

*Geiserman v. MacDonald*,
   893 F.2d 787 (5th Cir. 1990) .........................................................................13, 17

*Green v. Aramco Servs. Co.*,
   2006 U.S. Dist. LEXIS 106661 (S.D. Tex. 2006) ...................................................8

*Grimes v. Tex. Dep't of Mental Health*,
     102 F.3d 137 (5th Cir. 1996) .................................................................12

*GWTP Investments, L.P. v. SES Americom, Inc.*,
     2006 U.S. Dist. LEXIS 103337 (N.D. Tex. 2006) ..................................10

*Hanks v. Shinseki*,
     2010 U.S. Dist. LEXIS 76660 (N.D. Tex. 2010) ....................................20

*Harris v. Dall. Cty. Hosp. Dist.*,
     2016 U.S. Dist. LEXIS 65739 (N.D. Tex. 2016) ....................................17

*Hartz v. Administrators of Tulane Educ. Fund*,
     275 Fed. Appx. 281 (5th Cir. 2008) .......................................................12

*Hernandez v. Yellow Transp.*,
     670 F.3d 644 (5th Cir. 2012) .................................................................14

*Hill v. Univ. of Miss.*,
     2014 U.S. Dist. LEXIS 24342 (N.D. Miss. 2014) ..................................15

*Hugh Symons Grp. v. Motorola, Inc.*,
     292 F.3d 466 (5th Cir. 2002) ...................................................................8

*Kim v. Umami Grill & Sushi, LLC*,
     2019 U.S. Dist. LEXIS 31054 (S.D. Tex. 2019) .....................................7

*Krystek v. University of Miss.*,
     164 F.3d 251 (5th Cir. 1999) .................................................................16

*Lawrence v. Uni. of Tex. Med. Branch at Galveston*,
     163 F.3d 309 (5th Cir. 1999) .................................................................12

*Magana v. Coleman World Grp., LLC*,
     2017 U.S. Dist. LEXIS 141710 (W.D. Tex. 2017) ............................18, 19

*Nat'l R.R. Passenger Corp. v. Morgan*,
     536 U.S. 101 (2002) ...............................................................................14

*Nissho-Iwai Am. Corp. v. Kline*,
     845 F.2d 1300 (5th Cir. 1988) .................................................................7

*Nucor Corp. v. Requenez*,
     578 F. Supp. 3d 873 (S.D. Tex. 2022) .....................................................8

*Oliver v. Scott*,
     276 F.3d 736 (5th Cir. 2002) .................................................................14

- iii -

*Perkins v. PromoWorks, L.L.C.*,
 2012 U.S. Dist. LEXIS 177484 (S.D. Tex. 2012) ....................................................12

*Reid v. Aransas Cty.*,
 805 F. Supp.2d 322 (S.D. Tex. 2011) ....................................................................13

*Riberglass, Inc. v. Techni-Glass Indus., Inc.*,
 811 F.2d 565 (11th Cir. 1987) .................................................................................6

*Sreeram v. La. State Uni. Med. Center-Shreveport*,
 188 F.3d 314 (5th Cir. 1999) .................................................................................15

*United States v. Wheeler*,
 161 F.Supp. 193 (W.D. Ark. 1958) ..........................................................................6

*United States v. Frescas*,
 932 F.3d 324 (5th Cir. 2019) .................................................................................14

*United States v. Herndon*,
 2012 U.S. Dist. LEXIS 147702 (S.D. Tex. 2012) .....................................................7

*Villa v. Tex. Parks & Wildlife Dep't*,
 2021 U.S. Dist. LEXIS 59015 (S.D. Tex. 2021)(J. Tipton).....................................10

*Willard v. City of Lubbock*,
 2006 U.S. Dist. LEXIS 8813 (N.D. Tex. 2006).......................................................12

*Williams v. Crowe*,
 2011 U.S. Dist. LEXIS 17119 (E.D. La. 2011) .........................................................8

*Winzer v. Kaufman Cty.*,
 916 F.3d 464 (5th Cir. 2019) .................................................................................10

*Wojciechowski v. Nat'l Oilwell Varco, L.P.*,
 763 F. Supp. 2d 832 (S.D. Tex. 2011) ......................................................................7

*Wyvill v. United Cos. Life Ins. Co.*,
 212 F.3d 296 (5th Cir. 2000) .................................................................................16

**Statutes**

28 U.S.C. § 1746.........................................................................................................7

42 U.S.C. § 1981.......................................................................................................11

Civil Rights Act of 1866 ...........................................................................................11

Civil Rights Act of 1968 Title VII.............................................................................11

PD.46663100.7

**Other Authorities**

8A C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure § 2264 (1994)...................................................................................................................6

Fed. R. Civ. P. 36(b) ......................................................................................................6

Fed. R. Civ. P. 56(c)(4).................................................................................................7

Fed. R. Evid. 602 ..........................................................................................................7

## I.      OBJECTIONS TO PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE

### A.      Lowe's Objects to and Moves to Strike Exhibit B and Paragraphs 11-13 of Exhibit C.

Lowe's objects and moves to strike Exhibit B to the Response, which is Covington's Third Requests for Admission to Defendant Goldie Nickleson ("Nickleson"), because Exhibit B contains admissions served on Nickleson, not Lowe's. Lowe's objects and moves to strike Paragraphs 11, 12, and 13 of Exhibit C to the Response, which is Counsel Lisa Ventress's declaration, because those paragraphs of Exhibit C pertain to the service of and lack of response to Covington's Third Requests for Admission to Nickelson, not Lowe's.

Deemed admissions are binding only on non-responding party because "[i]n form and substance a Rule 36 admission is comparable to an admission in pleadings or a stipulation drafted by counsel for use at trial, rather than to an evidentiary admission of a party." Fed. R. Civ. P. 36(b), Advisory Committee Notes, 1970 Amendment; *see* 8A C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure § 2264 at 571-72 (1994) ("It is only when the admission is offered against the party who made it that it comes within the exception to the hearsay rule for admissions of a party opponent."). Therefore, the deemed admissions of one defendant cannot be used against other defendants in the same case. *Becerra v. Asher*, 105 F.3d 1042, 1048 (5th Cir. 1997); *see Riberglass, Inc. v. Techni-Glass Indus., Inc.,* 811 F.2d 565, 566 (11th Cir. 1987); *see also United States v. Wheeler*, 161 F.Supp. 193, 197 (W.D. Ark. 1958) (finding requests for admissions addressed to only one defendant were not binding on codefendant and could not be used against codefendant for purposes of summary judgment).

### B.      Lowe's Objects to and Moves to Strike the Declaration of Covington's Counsel and Covington, Exhibits C and D, Respectively.

#### 1.      Exhibits C and D are not proper summary judgment evidence because neither declarant verified the contents as true and correct.

An unsworn declaration must be made "under penalty of perjury" and verified as "true and correct." 28 U.S.C. § 1746; *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988); *Wojciechowski v. Nat'l Oilwell Varco, L.P.*, 763 F. Supp. 2d 832, 844-45 (S.D. Tex. 2011). In *Nissho-Iwai American Corporation*, the Fifth Circuit held that an unsworn affidavit was not proper summary judgment evidence when the appellant "never declared her statement to be true and correct." *Id.*; *DIRECTV Inc. v. Budden*, 420 F.3d 521, 530-31 (5th Cir. 2005)(noting "that [the 'true and correct'] 'incantation' is required for *unsworn* declarations")(emphasis in original)); *Eltalawy v. Lubbock Indep. Sch. Dist.*, 816 F. App'x 958, 961 n.6 (5th Cir. 2020) (finding appellant failed to submit competent summary judgment evidence; although appellant filed a declaration stating: "[t]his declaration is being made pursuant to 28 U.S.C. § 1746 … and such facts are true and correct" "nowhere does [a]ppellant state that the facts are true 'under penalty of perjury.'"); *see also Bird v. Nat'l Aero. & Space Agency*, No. 4:20-cv-275, 2022 U.S. Dist. LEXIS 26871, at *14-15 (S.D. Tex. 2022) (finding unsworn declaration that was not "under penalty of perjury" and verified as "true and correct" was not competent summary judgment evidence to raise a genuine issue of material fact as to the elements of disability discrimination); *Kim v. Umami Grill & Sushi, LLC*, No. H-18-850, 2019 U.S. Dist. LEXIS 31054, at *4 (S.D. Tex. 2019). As such, the Court should disregard Exhibits C and D in their entirety.

### 2. Paragraphs 5, 7, and 9-25 (or portions thereof) of Exhibit D, Covington's declaration, do not conform with Fed. R. Evid. 602 and are insufficient to defeat summary judgment.

A declaration used to oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 602; *see United States v. Herndon*, No. C-11-318, 2012 U.S. Dist. LEXIS 147702, at *11 (S.D. Tex. 2012) ("Portions of . . . declarations that fail to conform with Rule 56(c) are disregarded when considering the summary

judgment"). Unsupported declarations setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment. *Hugh Symons Grp. v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir. 2002); *Green v. Aramco Servs. Co.*, No. H-03-4565, 2006 U.S. Dist. LEXIS 106661, at *15-16 (S.D. Tex. 2006)(finding that "conclusory statements — such as that a 'hostile work environment' existed — are not sufficient to create a fact issue). Covington's claims to have personal knowledge without any indication of how she would know this information. This is insufficient. "Merely asserting personal knowledge is not sufficient." *Adetimehin v. Healix Infusion Therapy, Inc.*, No. 4:14-CV-334, 2015 U.S. Dist. LEXIS 44549, at *6 (S.D. Tex. 2015); *see also Williams v. Crowe*, No. 09-6440, 2011 U.S. Dist. LEXIS 17119, at *14 (E.D. La. 2011) ("[A]n affiant's conclusory assertion that his or her statements are based on personal knowledge is insufficient."). Declarations founded on hearsay are also inadmissible summary judgment evidence. *Nucor Corp. v. Requenez*, 578 F. Supp. 3d 873, 904 (S.D. Tex. 2022).

As such, Lowe's objects and moves to strike the following paragraphs (or portions thereof) of Exhibit D:

**Paragraph 5**: This paragraph is conclusory and amounts to conclusions of law.

**Paragraph 7:** Covington provides no factual basis for knowing what her supervisor and other associates saw or heard.

**Paragraph 9:** Covington provides no factual basis for her knowledge of Nickleson's interactions with men.

**Paragraph 10:** Covington provides no factual basis for knowing that Nickleson allowed other associates in the Receiving Department to do nothing, or for knowing their jobs, responsibilities, performance, or disciplinary history.

**Paragraph 11:** Covington provides no factual basis for knowing whether other Receiving Department associates were disabled or had work restrictions. Additionally, her statements include medical opinions beyond the scope of permissible lay witness testimony, and she is not qualified to provide such opinions.

**Portion of Paragraph 12:** The introductory clause is conclusory and amounts to a legal conclusion.

**Portion of Paragraph 13:** The introductory clause is conclusory and amounts to a legal conclusion.

**Paragraph 14:** Covington provides no factual basis for knowing what Nickelson told or how he treated other associates; the last sentence is conclusory and not a factual assertion.

**Paragraph 15:** Covington provides no factual basis for knowing how Nickelson treated women compared to men or that he referred to a female coworker as "lil mama" or "baby girl."

**Paragraph 16:** This paragraph is conclusory and not a factual assertion.

**Portion of Paragraph 17:** The statements about what Larry Childress ("Childress") told Covington are inadmissible hearsay. Covington sets forth no factual foundation for the last statement regarding how she knows that Nickleson did not discipline Childress and Childress' disciplinary history.

**Portion of Paragraph 18:** The introductory clause and the last two sentences are conclusory and amount to legal conclusions.

**Paragraph 19**: These first two sentences are conclusory and amount to legal conclusions. The last sentence is inadmissible hearsay.

**Paragraph 20:** The second sentence is conclusory and amounts to a legal conclusion. The last sentence is inadmissible hearsay.

PD.46663100.7

**Paragraph 21:** The first sentence is conclusory and not a factual assertion. Covington set forth no factual foundation regarding how she knows Nickleson mistreated her daughter.

**Paragraph 22:** Covington set forth no factual foundation for the second, third, and last sentences in this paragraph.

**Paragraph 23**: This paragraph contains conclusory allegations and conclusions of law.

**Paragraph 24:** The first sentence is conclusory, not a factual assertion. Covington provides no factual basis for knowing what Nickleson knew about her process or the disciplinary history of other Receiving Department associates.

**Paragraph 25:** The sixth, ninth, and tenth sentences are conclusory, not factual assertions, and Covington provides no factual basis for knowing what every Installer felt or thought.

### 3. Paragraph 15 and portion of Paragraph 25 of Exhibit D contain sham statements.

"Under the sham affidavit doctrine, a district court may refuse to consider statements made in an affidavit that are so markedly inconsistent with a prior statement as to constitute an obvious sham." *Winzer v. Kaufman Cty.*, 916 F.3d 464, 472 (5th Cir. 2019) (quotations omitted); *see Axxiom Mfg., Inc. v. McCoy Invs., Inc.*, 846 F. Supp. 2d 732, 749 (S.D. Tex. 2012). A nonmoving party cannot create a factual dispute merely to avoid summary judgment. *Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380, 386 (5th Cir. 2000)*; see also Villa v. Tex. Parks & Wildlife Dep't*, No. 2:19-CV-00256, 2021 U.S. Dist. LEXIS 59015, at *29-30 (S.D. Tex. 2021)(J. Tipton) (finding unexplained, inconsistent statements in an affidavit were "an obvious sham" and sticking same from the summary judgment record); *GWTP Investments, L.P. v. SES Americom, Inc.*, No. 3:04-CV-1383-L, 2006 U.S. Dist. LEXIS 103337, 2006 WL 8437531, at *3 (N.D. Tex. June 13, 2006).

Paragraph 15 and a portion of Paragraph 25 of Exhibit D are fabricated, inconsistent with Covington's prior testimony, intended solely to create a false issue of fact to avoid summary

judgment and should be disregarded. In Paragraph 15, Covington claims "Nickelson treated women worse than men. For example, he treated Ms. Terrell Ringer and Tremaine Gordon worse than I ever observed him treat male employees." However, on October 23, 2023, Covington testified that she never heard Nickleson say anything rude or disrespectful to Terrel Ringer ("Ringer") and that Covington and Ringer did not discuss any discriminatory, harassing, or retaliatory behavior at Lowe's. Doc. 79-1, p. 26 (24: 3-6) and p. 173 (171:1-7). Covington testified that she never witnessed Nickleson treating Plaintiff Tremaine Gordon ("Gordon") in a discriminatory, harassing, retaliatory, or inappropriate way. Doc. 79-1, p. 177 (175:8-176:10) and p. 178 (176:16-21). Covington explained she would not know how Nickleson treated Gordon because Covington and Gordon worked in different departments. Doc. 79-1, p. 177 (175:8-176:10). Covington further testified that she would not know who Nickleson spoke to inappropriately, unfairly, rudely, or disrespectfully because she worked in the back of the store while Nickleson worked in the front. Doc. 79-1, pp. 176-177 (174:15-175:2).

In Paragraph 25 of her declaration, Covington claims it was humiliating to explain her disability to Installers after Nickleson's policy change. However, Covington testified that all Installers knew about her medical condition *before* Nickleson's new policy. Since Installers knew she could not lift heavy items, they pulled their own product while she watched to confirm they got the right product. Doc. 79-1 p. 48 (46:21-25).

## II.   UNOPPOSED CLAIMS

Covington provides no response to Lowe's Motion on the following claims: race discrimination and retaliation under Title VII of the Civil Rights Act of 1968 ("Title VII") and the Texas Commission on Human Rights Act ("TCHRA"); violations of Family and Medical Leave Act ("FMLA"); violations of the Families First Coronavirus Response Act ("FFCRA"); or violations 42 U.S.C. § 1981, of the Civil Rights Act of 1866 ("Section 1981"). Covington only

opposes Lowe's Motion on her disability and gender discrimination claims under Title VII, the ADA, and TCHRA and retaliation claims under Title VII, the ADA, and TCHRA. Doc. 79, p.6 fn.1.

### III.    ARGUMENT AND AUTHORITIES

**A.    Covington fails to establish a genuine issue of material fact related to disability or gender discrimination during the applicable limitations period.**

Because Lowe's established the absence of genuine issues of material fact on Covington's discrimination and retaliation claims under Title VII, the ADA and TCHRA, the burden shifted to Covington to show why summary judgment is not proper. *Lawrence v. University of Texas Medical Branch at Galveston*, 163 F.3d 309, 311 (5th Cir. 1999). In employment discrimination cases courts focus on "whether a genuine issue exists regarding whether the defendant intentionally discriminated against the plaintiff." *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139-140 (5th Cir. 1996). Covington must present evidence—not just speculation and conjecture—that Lowe's discriminated against Covington on the basis of her disability or gender during the applicable limitations period. *See Perkins v. PromoWorks, L.L.C.*, No. H-11-442, 2012 U.S. Dist. LEXIS 177484, at *27 (S.D. Tex. 2012); *Willard v. City of Lubbock*, Civil Action No. 5:05-CV-156-C, 2006 U.S. Dist. LEXIS 8813, at *13 (N.D. Tex. 2006). Covington filed her EEOC Charge on January 24, 2022, which means to survive summary judgment on either discrimination claim, she must show a genuine issue of material fact during the applicable limitations period – on or after March 30, 2021. Ex. CC, attached.  In her Response, Covington makes broad generalizations about the working conditions at Lowe's over the last three years of her employment. In no instance does Covington provide evidence of disability or gender discrimination within the limitations period. *See Hartz v. Administrators of Tulane Educ. Fund*, 275 Fed. Appx. 281, 288 (5th Cir. 2008) (noting that failure to provide dates of discriminatory actions within limitations period is conclusory).

**B.    None of Covington's summary judgment evidence creates a genuine issues of material fact of a disability or gender discrimination claim.**

To challenge Lowe's Motion, Covington relies on five things – Nickelson's deemed admissions, Covington's declaration, Covington's deposition testimony, documentation regarding Covington's complaints, and documentation regarding another employee's complaint. For reasons set forth in Section I, the Court should disregard Nickleson's deemed admissions and Covington's declaration. *See Becerra*, 105 F.3d at 1048; *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990).

In terms of her deposition testimony and the documentation related to Covington's and another employee's complaint, unsubstantiated assertions and conclusory allegations cannot satisfy Covington's burden. *Id.* (citing *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047-48 (5th Cir.1996). The following allegations and testimony, which Covington relies upon, do not provide evidence that Covington was subjected to discrimination, including harassment, if any, based on her disability or gender.

- Covington alleges Nickleson "regularly belittled" her, but the cited deposition testimony (Doc. 79-1, p. 172 (170:11-174:8)) refers to how Nickleson interacted with ***other*** associates, which Covington admitted she did not witness and would not know about.

- Other cited testimony (Doc. 79-1, p. 206 (204:17-24)) directly contradicts Covington's claim, as ***Covington specifically denies saying that Nickleson belittled her***.

- Covington claims Nickleson created a hostile work environment by yelling and intimidating her, but the cited testimony pertains to an event ***after*** her termination (Doc. 79-1, p. 154 (152:14-153:16)). Post-termination events cannot support a hostile work environment claim. *Reid v. Aransas Cty.*, 805 F. Supp.2d 322, 335 (S.D. Tex. 2011).

- Covington claims Nickleson **openly wished** she would have died, but the cited testimony includes no such statement by Nickleson.

- Covington claims her discipline and termination are "evidence" of Nickleson's harassment. However, discrete acts, such as discipline and a termination, cannot be

considered part of a hostile work environment. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002).

- Covington claims Nickleson talked to her like a child and insulted her intelligence. However, the testimony and document cited (Doc. 79-1, pp. 115, 206 (113:1-7, 204:17-22)); Doc. 71-14, pp. 11-12 (LOWE'S COVINGTON 0542-43)) cited do not mention any insults to Covington's intelligence or how she interpreted Nickleson's actions as such. It only includes Covington's statement that she wished Nickleson would talk to her like an adult and not a child, without providing any specific details on what Nickleson said or how he "talked to her like a child."

- Covington also claims that Nickleson excessively scrutinized and monitored her work and cites to a one-page document (Doc. 79-13, p.6 (LOWE'S COVINGTON 0508)) that says absolutely nothing about Covington's work being monitored or scrutinized.

- Covington claims Nickleson disciplined her for not meeting his demands while not subjecting her non-disabled co-workers, "including Manual, Arosco, or Childress," to similar comments or treatment. The testimony and document cited (Doc. 71-20, p. 3) do not support Covington's conclusory allegation about why she was disciplined and present no evidence that Covington's co-workers were not disabled.

- Covington claims that Nickleson was "found to have engage in strikingly similar misconduct towards another disabled employee in March 2021." However, the document cited (Doc. 79-12 (LOWE'S 0867-88)) dates back to 2020, not 2021.

The above illustrate the baseless and contradictory nature of most of Covington's allegations which fail to demonstrate a genuine issue for trial. *See e.g., Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002). It is well-settled that Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. *Chambers v. Sears Roebuck & Co.*, 428 F. App'x 400, 408 (5th Cir. 2011) (quotation omitted); *see United States v. Frescas*, 932 F.3d 324, 331 (5th Cir. 2019). "If somewhere in a record there is evidence that might show a dispute of material fact, the district court needs to be pointed to that evidence as opposed to having to engage in an extensive search." *Hernandez v. Yellow Transp.*, Inc., 670 F.3d 644, 651 (5th Cir. 2012).

Of Covington's laundry-list of allegations contained in Covington's Response, only the following have any supporting evidence: (1) Nickleson told Covington "You should have just

stayed where you were," when Nickleson asked Covington about reports she prepared (Doc. 79-1, p.83 (81:1-8)); (2) Nickleson referred to other women as "little mama;" (3) there was an instance when Nickleson high-fived co-workers while ignoring Covington (Doc. 79-1, p. 141 (139:18-22)); and (4) that Nickleson previously failed to follow an employee's accommodations (Doc. 79-12 (LOWE'S 0867-88)). Even if each of the allegations occurred, they do not constitute evidence of discrimination against Covington on the basis of disability or gender and fail to establish a prima facie case of discrimination based on either protected class. *See Hill v. Univ. of Miss.*, No. 3:12-CV-00063-GHD-SAA, 2014 U.S. Dist. LEXIS 24342, at *12 (N.D. Miss. 2014)(granting summary judgment where the plaintiff alleged her supervisor ignored her in the hall and did not speak to her and another supervisor avoided personal contact with her by putting paperwork in her box instead of emailing or faxing her like he would other employees in her department). At best, even when considered collectively, the alleged comments are stray remarks which cannot not overcome overwhelming evidence corroborating Lowe's non-discriminatory rationale. *See Sreeram v. La. State Uni. Med. Center-Shreveport*, 188 F.3d 314, 320 (5th Cir. 1999).

- Nickelson's alleged statement "You should have stayed where you were," even when considered with the other two allegations provides no discriminatory intent in terms of disability or gender discrimination. It further is without context – even if said, Covington should have stay where? When? How long? Why?

- The "little mama" comment, which is the only comment offered by Covington to support her gender discrimination claim, that is supported by evidence, is discussed at length in Lowe's Motion.

- The allegation that Nickelson failed to high-five Covington is also unsupported with context and provides no discriminatory intent.

Evidence of Nickleson's failure to follow another employee's accommodations is not evidence of discrimination and does not prove discrimination by Nickleson against Covington.

Moreover, the documentation related to the other employee (Doc. 79-12 (LOWE'S 0867-88)) is irrelevant because alleged discrimination against other employees cannot establish discrimination against a plaintiff unless those employees are similarly situated to the plaintiff. *See Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296, 302 (5th Cir. 2000); *Krystek v. University of Miss.*, 164 F.3d 251, 257 (5th Cir. 1999). In this case, there is no evidence that the other employee who complained about Nickleson's failure to follow accommodations was similarly situated to Covington. In fact, Associate Relations substantiated the other employee's complaint and recommended retracting her discipline, while Covington's complaint about discipline related to her accommodations was not substantiated, and her discipline was not retracted. Doc. 71-5, p. 3; 71-21.

Even if the Court does not disregard Covington's declaration which she cites in support of her blanket statement that daily or near-daily discrimination impacted her employment, the statements in the declaration do not show any discrimination that affected any term, condition, or privilege of Covington's employment.

At the conclusion of her Response, Covington argues that a genuine issue of material fact exists for her disability discrimination claim based on disparate treatment. Doc. 79, 30-32. First, she relies on Nickleson's admissions as "direct evidence." However, as previously discussed, Nickleson's admissions are not admissible. Then, rather than providing circumstantial evidence to support her claim, Covington improperly shifts to Lowe's burden under *McDonnell-Douglas*. Lowe's does not need to meet this burden because Covington has failed to present any direct or circumstantial evidence to support her disability discrimination claim based on disparate treatment.

Covington must show she subjected to harassment; the harassment was based on her disability or gender; and the harassment was sufficiently severe or pervasive that it affected any term, condition, or privilege of Covington's employment. The absence of evidence of even one

essential element warrants summary judgment in favor of Lowe's on these claims. *See Celotex v. Catrett*, 477 U.S. 317, 323-324 (1986) ("A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Harris v. Dall. Cty. Hosp. Dist.*, Civil Action No. 3:14-CV-3663-D, 2016 U.S. Dist. LEXIS 65739, at *40 (N.D. Tex. 2016) (granting summary judgment on disability claim and finding the following conduct was not so severe and pervasive to affected a term, condition, or privilege of employment: plaintiff was required to work in a different area when she returned from FMLA leave; was issued three write-ups and terminated; was yelled at and verbally disrespected and belittled by supervisor; was denied vacation time; was falsely accused of committing a crime, and was told you "must be paralyzed" and "get off [supervisor's] clock"). As set forth above, Covington fails to point the Court to competent summary judgment evidence to establish discrimination based on her alleged disability <u>or</u> gender.  Therefore, summary judgment on those claims is proper.

### C.     Covington failed to provide evidence creating a fact issue on essential elements of her retaliation claims under Title VII, the ADA, and TCHRA.

To challenge Lowe's Motion as to retaliation, Covington relies on five things – Nickelson's deemed admissions, Covington's declaration, Covington's deposition testimony, documentation regarding Covington's complaints, and documentation regarding Covington's performance. For reasons set forth in Section I, the Court should disregard Nickleson's deemed admissions and Covington's declaration. *See Becerra*, 105 F.3d at 1048; *Geiserman*, 893 F.2d at 793.

Covington refers to complaints she made through Lowe's Corporate Compliance and Ethics hotline to establish a protected activity; however, her allegations about these complaints are flawed and do not provide evidence that Covington engaged in protected activity under Title VII, the ADA, or TCHRA:

- Covington cites to her October 15, 2020 complaint (Doc. 71-14) as protected activity. Doc. 79, p. 23. In this complaint, Covington reported that Nickelson

questioned her attitude and harassed her about her return-to-work date while she was on leave. Covington's complaint was not about disability or gender discrimination. Thus, Covington's October 15, 2020 complaint was not protected activity under Title VII, the ADA, or TCHRA.

- Covington states she immediately informed Associates Relations of Nickleson's discipline, citing one page of her October 15, 2020 (Doc.71-14, p.4 (LOWE'S-COVINGTON 0535)), which is not evidence of another complaint or protected activity. Doc. 79, pp. 4, 24.

- Covington then refers to the complaint she filed *after* her termination, which is not evidence of retaliation since it occurred after the adverse employment action. Doc. 79, pp. 4, 24.

Covington also refers to alleged reports to Larry Childress, Steve Abulail, "Human Resources," and Sedwick to attempt to establish that she engaged in protected activity. Doc. 79, pp. 23-24. Covington's allegations regarding these reports are conclusory and unsupported. Covington testified that she "possibly" reported that she was treated unfairly because of her gender to Twyla and Childress **but no one else**. Doc. 79-1, p. 202-203 (200:22-201:11). She provides no evidence these reports actually occurred, thus failing to establish protected activity based on gender. Covington alleges she told Twyla Bradford about a conversation with Nickleson wherein he made certain comments to that made Covington feel "dehumanized." Doc. 79, p. 4. However, Covington provides no evidence she informed Twyla that she was being treated unfairly due to her disability or gender. Feelings of dehumanization are not protected under Title VII, the ADA, or TCHRA. *Brown v. A.W. Brown-Fellowship Leadreship Acad.*, Civil Action No. 3:18-CV-03259-X, 2020 U.S. Dist. LEXIS 219868, at *7 (N.D. Tex. 2020).  And not all "abstract grumblings or vague expressions of discontent are actionable as complaints." *Magana v. Coleman World Grp.*, LLC, No. EP-16-CV-196-DB, 2017 U.S. Dist. LEXIS 141710, at *25 (W.D. Tex. 2017) (citation omitted). Therefore, her "report" to Twyla Bradford is not protected activity.

Covington's "reports" to Sedgwick, the third-party administrator processing Lowe's accommodation and FMLA leave requests, do not constitute protected activity either. Protected activity occurs when an employee complains to *management* about an unlawful employment practice. *Magana*, 2017 U.S. Dist. LEXIS 141710, at *25 (citing *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003)). There is no evidence Sedgwick representatives are part of Lowe's management, and Covington provides no caselaw supporting that reports to a third-party like Sedgwick are protected activity. Therefore, Covington's retaliation claims cannot be premised on protected activity based on her gender, and Covington cannot meet her prima facie case of retaliation against Lowe's based on the hotline complaints or her alleged reports to Twyla and Sedwick.

The only activities Covington references that are supported by evidence are her requests for accommodations in 2020 and 2021 and her alleged reports to Childress, Abulail, and Cotina Bradford regarding Nickleson assigning her tasks violating her accommodations. Even if these activities were considered protected activities, Covington must still prove a causal link between them and termination. In determining whether an adverse employment action was taken as a result of retaliation,  the Fifth Circuit has instructed its courts to focus on the final decision maker. *Ackel,* 339 F.3d at 385 (internal quotations omitted); *Carter v. Ridge*, No. H-04-3919, 2007 U.S. Dist. LEXIS 21793, at *9 (S.D. Tex. 2007). The final decision maker here was Childress, Covington's immediate supervisor, who issued Covington's discipline, including her termination, and met with her to discuss the discipline. (Doc. 71-16, 71-17, 71-18, 71-28; Doc. 79-1, pp. 71-73, 132 ((69:16-71:1; 130:22-25)). Covington does not argue and provides no evidence that Childress knew about her reports to Abulail or Cotina Bradford. Therefore, to establish a prima facie case of disability retaliation Covington must prove that Childress terminated her employment

because of her 2020 and 2021 accommodation requests or her report to him about Nickleson violating her accommodations. Covington does not argue and provides no evidence that Childress terminated her for these reasons. Covington instead argues that Nickleson was the final decision maker but besides he conclusory and unsupported allegations, provides no evidence supporting her claim. Even if the Court assumes that Childress administered Covington's discipline and termination at Nickleson's direction, that fact is only material to Covington's retaliation claim if Nickleson was acting from retaliatory motives. *Hanks v. Shinseki*, No. 3:08-CV-1594-G, 2010 U.S. Dist. LEXIS 76660, at *23 n.34 (N.D. Tex. 2010) (citation omitted). Covington has not offered any evidence showing that Nickleson made the decision to recommend her termination in retaliation for Covington's 2020 and 2021 accommodation requests. And Covington does not argue or provide evidence that Nickleson knew about her reports to Childress, Abulail or Cotina Bradford. Therefore, the Court need not decide whether Childress issued the discipline at Nickleson's direction.

Covington fails to point the Court to competent summary judgment evidence to establish retaliation based on her alleged disability or gender.  Therefore, summary judgment on these claims is proper.

### D.    Covington failed to provide evidence of pretext.

Covington relies on Nickelson's deemed admissions, Covington's declaration, Covington's deposition testimony, documentation regarding Covington's performance and discipline, and Associate Relations documents to attempt to establish pretext. For reasons set forth in Section I, the Court should disregard Nickleson's deemed admissions and Covington's declaration.

Convington compares the discipline leading up to her termination with a handful of positive reviews and compliments she received between 2008 and 2015 (Doc. 79-17) to establish pretext.

She claims she was disciplined for the same conduct that non-disabled coworkers were not, but the cited testimony does not support her claim (79-1, pp. 72, 76-80, 200 (70:19-22, 74:19-78:9, 75:15-24, 198:3-17)). Covington provides no evidence that coworkers were not disabled. Additionally, her performance between 2008 and 2015 is irrelevant because Nickelson, her alleged harasser, did not work at Lowe's during that time, among other reasons. (Doc. 79-1, p. 138 (136:16-23).

Covington also alleges that Willtrout lied to Associate Relations during the investigation into her October 2020 complaint about Nickelson, arguing this demonstrates pretext and undermines the legitimacy of the discipline Nickelson issued her. She cites two documents: Doc. 79-9, a corrective action report for Nickelson based on associate reports that Nickelson "does not speak to associates with respect, but rather 'tells' them what to do," and Doc. 79-10, email correspondence between an Associate Relations representative and Willtrout. The AR representative asked Willtrout if he was aware of any previous complaints of harassment against Nickelson, and Willtrout responded "no." Covington provides no evidence that Willtrout was aware of such claims, making his denial a lie.

The above illustrate the baseless, conclusory, and contradictory nature of Covington's pretext allegations, which fail to demonstrate a genuine issue for trial. Therefore, summary judgment is proper.

## IV.   CONCLUSION

Lowe's respectfully requests that the Court strike Exhibits B, C, and D; exclude Exhibits B, C, and D from consideration in Lowe's Motion for Summary Judgment; and grant Lowe's Motion and all relief to which Lowe's is entitled as a prevailing party.

## **CERTIFICATE OF SERVICE**

On this 10th day of September 2024, I electronically submitted the foregoing document with the clerk of the Court for the U.S. District Court for the Southern District of Texas, using the electronic case filing system of the court.  I therefore certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Lisa Ventress
The Ventress Firm, P.C.
1322 Space Park Dr., Ste. C222
Houston, TX 77058
lisa@theventressfirm.com

Victoria L. Plante
Plante Law Firm, P.C.
5177 Richmond Avenue, Suite 1140
Houston, TX  77056
victoria@plantelawfirm.com

*Claudine G. Jackson*
Claudine G. Jackson