## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

**CYNTHIA COVINGTON**
**TREMAINE GORDON**,

  Plaintiffs,

  v.

**LOWE'S HOME CENTERS, LLC,**
**THOMAS ("TREY") WILLTROUT, IN**
**HIS OFFICIAL AND INDIVIDUAL**
**CAPACITIES, GOLDIE NICKELSON IN**
**HIS OFFICIAL AND INDIVIDUAL**
**CAPACITIES.,**

  Defendants.

**Civ. Action No. 4:22-cv-4109**

Judge Drew B. Tipton

### GORDON'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE AND OBJECTIONS TO SUMMARY JUDGMENT EVIDENCE

    Gordon submits the foregoing Response to Lowe's Motion to Strike and Objections to

Gordon's Summary Judgment Evidence.

Dated: October 1, 2024

                Respectfully submitted,

                By: /s/ Lisa Ventress
                Lisa Ventress, Esq.
                Federal Bar No.  3471199
                Texas SBN 24076751
                **THE VENTRESS FIRM, P.C.**
                1322 Space Park Dr. Ste C222
                Houston, TX 77058
                Telephone: (832) 240-4365
                Facsimile: (832) 565-1752
                Email: lisa@theventressfirm.com

                *Attorney for Plaintiffs*

1

## TABLE OF CONTENTS

INTRODUCTION ......................................................................................................... 1

FACTS ......................................................................................................................... 1

SUMMARY OF ARGUMENT ................................................................................... 1

ARGUMENT AND AUTHORITIES........................................................................... 2

    A.   PLAINTIFF'S EXHIBITS WERE TIMELY FILED AND SHOULD BE ADMITTED. . 2

      1.   Plaintiff's Exhibits were Timely Filed.......................................................... 2

      2.   Plaintiff Establishes Excusable Neglect and Defendant Suffered No Prejudice. .......... 2

      3.   Courts prefer allowing litigants to cure any *de minimus* errors ..................................... 4

    B.   RULE 16 ARGUMENT ...................................................**Error! Bookmark not defined.**

    C.   NICKELSON'S ADMISSIONS ARE ADMISSIBLE...................................................... 5

    D.   VERIFICATION OF COUNSEL'S DECLARATION ...................................................... 8

    E.   RESPONSE TO LOWE'S SPECIFIC OBJECTIONS TO DKT. 81-32 ........................... 9

# TABLE OF AUTHORITIES

**Cases**

*Armstrong v. Tisch*,
  835 F.2d 1139 (5th Cir. 1988) ................................................................................ 3

*Becerra v. Asher*,
  105 F.3d 1042 (5th Cir. 1997) ................................................................................ 9

*BP Exploration & Prod. Inc. v. Cashman Equip. Corp.*,
  Civ. A. H-13-3046 (S.D. Tex. Apr. 8, 2016) ........................................................ 11

*Cutting Underwater Technologies USA, Inc. v. Eni U.S. Operating Co.*,
  671 F.3d 512 (5th Cir. 2012) ................................................................................ 13

*Doddy v. Oxy USA, Inc.*, 101 F.3d 448 (5th Cir. 1996) ............................................ 16

*Duffey v. City of Garland*,
  No. 3:06-CV-1239-P, 2008 WL 11422639 (N.D. Tex. Apr. 3, 2008) ...................... 5

*Electromedical Prod. Int'l, Inc. v. Pharm. Innovations, Inc.*,
  No. 4:20-CV-00403-O, 2020 WL 11039196 (N.D. Tex. Dec. 18, 2020) ................ 5

*Elwakin v. Target Media Partners Operating Co.*,
  901 F. Supp. 2d 730 (E.D. La. 2012) .................................................................... 11

*Estate of Newton v. Grandstaff*,
  Civil Action No. 3:10-CV-809-L  (N.D. Tex. Jan. 18, 2013) ........................... 6, 7, 8

*Gomez v. Mi Cocina Ltd.*,
  Civil Action No. 3:14-CV-2934-L (N.D. Tex. Aug. 4, 2017) ................................ 10

*Hansard v. Pepsi-Cola Metropolitan Bottling*,
  865 F.2d 1461 (5th Cir. 1989) .............................................................................. 16

*Herring v. Renewable Energy Sys. Am's.*,
  Civil Action 4:21-cv-00260 (S.D. Tex. Jul. 11, 2023) .................................... passim

*Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*, No. 4:14-CV-371,
  2016 WL 278971 (E.D. Tex. Jan. 21, 2016) ........................................................... 3

*Johnson v. New South Federal Savings Bank*,
  344 Fed.Appx. 955 (5th Cir.2009) ........................................................................ 11

*Lee v. Offshore Logistical & Transp., L.L.C.*,
  859 F.3d 353 (5th Cir. 2017) .................................................................................. 7

*Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*,
  831 F.2d 77 (5th Cir. 1987) .................................................................................. 12

*Luman v. Diaz*,
  Civil Action H- 19-4920 (S.D. Tex. Sep. 1, 2022) ................................................ 18

*McLeod, Alexander, Powel Apffel, v. Quarles*,
  894 F.2d 1482 (5th Cir. 1990) .............................................................................. 12

*Meat Cut. v. Cross Bros*. M. P,
  518 F.2d 1113 (3d Cir. 1975) ............................................................................... 12

*Moyer v. Jos. A. Bank Clothiers, Inc.*,
  No. 3:11-CV-3076-L, 2013 WL 4434901 (N.D. Tex. Aug. 19, 2013)...................................... 5

*Oliver v. Scott*,
  276 F.3d 736 (5th Cir. 2002) ............................................................................................ 13

*Riberglass v. Techni-Glass Industries, Inc.*,
  811 F.2d 565 (11th Cir. 1987) .......................................................................................... 9

*Salas v. Carpenter*,
  980 F.2d 299(5th Cir. 1992) ........................................................................................... 14

*SConservair, Inc. v. Quantem FBO Grp.-Hous., LLC*,
  NO. H-16-1496 (S.D. Tex. Jun. 27, 2017)........................................................................ 13

*See Rutledge v. Liability Ins. Industry*,
  487 F. Supp. 5 (W.D. La. 1979) ...................................................................................... 13

*Union Nat. Bank of Wichita, Kan. v. Lamb*,
  337 U.S. 38, 40 (1949)...................................................................................................... 3

*United My Funds, LLC v. Perera*,
  Civil Action No. 4:19-CV-00373 (E.D. Tex. Mar. 12, 2020) .......................................... 12

*United States v. Filson*,
  347 Fed.Appx. 987, 989 (5th Cir.2009)............................................................................ 11

*United States v. Reed*,
  908 F.3d 102 (5th Cir. 2018) ........................................................................................... 18

*United States v. Wheeler*,
  161 F.Supp. 193 (W.D. Ark. 1958) .................................................................................. 9

**Other Authorities**

Fed. R. Civ. P. 56(c)(2) Advisory Committee notes to the 2010 amendments. ......................... 6

**Rules**

Fed. R. Civ. P. 36 ...................................................................................................................... 7

Fed. R. Civ. P. 56(c)(1)(A) ........................................................................................................ 6

Fed. R. Civ. P. 56(c)(B)(2) ........................................................................................................ 6

Fed. R. Civ. P. 6(a)(1)(C) .......................................................................................................... 2

Fed. R. Evid. 701 ...................................................................................................................... 13

Fed. R. Evid. 801(d)(2)(D) ........................................................................................................ 14

Fed. R. Evid. 807 ........................................................................................................................ 8

Hon. Tipton Court Procedures 16(g) ......................................................................................... 5

**Treatises**

10A C. Wright, A. Miller M. Kane,
  Federal Practice and Procedure § 2738 at 467 (1983) .................................................... 10

3 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 701[02] .................................................. 13

## INTRODUCTION

While Lowe's asserts a litany of objections, it fails to provide the Court or Gordon with sufficient specificity as to the evidentiary bases of most of its objections. Even where Gordon can reasonably interpret the evidentiary basis for Lowe's objections, Lowe's fails to show (or even assert) that any of the evidence to which it objected cannot be presented in an admissible form at trial. Its objections should be overruled.

## FACTS

On May 31, 2024, Lowe's filed its Motion for Summary on Gordon's claims. Dkt. 70. The Court ordered Plaintiff's Response to Lowe's Motion to be filed on Saturday, August 24, 2024. Dkt. 77. On August 24, 2024, Gordon filed her Opposition to Lowe's Motion. Dkt. 80. On August 26, 2024, Plaintiff filed the evidentiary exhibits in support of her Opposition. Dkt. 81. On September 10, 2024, Lowe's filed objections to Plaintiff's Gordon's exhibits. Dkt. 84.

## SUMMARY OF ARGUMENT

Defendant's objections and motion to strike Plaintiff's exhibits as untimely should be overruled and denied, respectively, because Plaintiff filed her exhibits on the operative deadline, and even if the Court determines Plaintiff's exhibits were untimely, Plaintiff establishes excusable neglect and that Defendant was not prejudiced by the slight delay in receiving Plaintiff's exhibits.

Defendant's argument that the lack of exhibit labeling provides an evidentiary basis to exclude evidence is meritless, as Local Rule 16  is inapplicable and Defendant otherwise provides no authority for its argument. Even if it did, Plaintiff provides a supplement attached hereto that provides alphabetical labels, thereby rendering Defendant's objection moot.

Lowe's objections as to Nickelson's admissions should be overruled because they admissible in their current form or can be presented in an admissible form at trial.

Lowe's objections as to her counsel's declaration should be overruled because Plaintiff submits a supplemental declaration that cures any prior verification deficiencies.

Lowe's objections to individual statements contained in Gordon's declaration should be overruled because Lowe's waived its objections for failure to adequately specify the basis for its objections; several objections are frivolous on their face; the facts underlying the statements at issue can be presented in an admissible form at trial; and Gordon's supplemental declaration cures any deficiency that may have previously existed.

## ARGUMENT AND AUTHORITIES

### A.    PLAINTIFF'S EXHIBITS WERE TIMELY FILED AND SHOULD BE ADMITTED.

#### 1.    Plaintiff's Exhibits were Timely Filed

Defendant urges to the Court to exclude all of Plaintiff's summary judgment evidence because it asserts the exhibits were untimely. Dkt. 84 at 2-3. Plaintiff's deadline for filing her Response was Saturday, August 24, 2024. Dkt. 77. Rule 4 provides, when "the last day [of a deadline] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."[1] Accordingly, Monday, August 26, 2024, was Plaintiff's operative filing deadline. *See Id.* Plaintiff filed her exhibits on August 26, 2024. Dkt. 81. Therefore, Plaintiff's exhibits were timely filed.

#### 2.    Plaintiff Establishes Excusable Neglect and Defendant Suffered No Prejudice.

If, however, the Court determines Plaintiff's exhibits were untimely, Plaintiff respectfully

---

[1] *Accord Union Nat. Bank of Wichita, Kan. v. Lamb*, 337 U.S. 38, 40 (1949) (When a deadline falls on a weekend, "the next day [for filing] which is not a Sunday or legal holiday is timely."); *Armstrong v. Tisch*, 835 F.2d 1139, 1140 (5th Cir. 1988) (same).

requests the Court overrule Defendant's objection and accept Plaintiff's exhibits because the reason they were not filed on August 24, 2024 was due to excusable neglect and Defendant suffered no prejudice as a result of the short delay in Plaintiff's filing.

Failure to timely file a pleading can be excused by the court if the party can show excusable neglect. Fed. R. Civ. P. 6(b). To evaluate excusable neglect, courts look to "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Imperium IP Holdings, Ltd. v. Samsung Elecs. Co.*, No. 4:14-CV-371, 2016 WL 278971, at *2 (E.D. Tex. Jan. 21, 2016).

Here, the delay was short and had no impact on any judicial proceedings, as none occurred or were scheduled to occur between Saturday, August 24, 2024 and Monday, August 26, 2024 when Plaintiff filed the exhibits. Further, Plaintiff did not file her exhibits on August 26, 2024 for a bad faith reason, for example, to cause undue delay or complicate Defendant's ability to obtain the exhibits. Plaintiff made a good faith effort to make the filing on August 24, 2024; however, the undersigned encountered technical difficulties when the ECF system could not read a secured deposition transcript. The undersigned spent a significant amount of time trying to save the file in alternative formats; however, she was unable to save the file in an unsecured form until August 26, 2024, at which point she immediately uploaded the exhibits to the electronic filing system.

Defendant does not establish prejudice resulting from the slight delay in Plaintiff filing her exhibits. In fact, it does not assert any prejudice. While Plaintiff was unable to successfully file the exhibits on the ECF system, she emailed them to Defendant at shortly after midnight on August 25, 2024 to ensure that Defendant had access to the exhibits while the undersigned

3

worked to complete the ECF filing. Defendant received the exhibits within minutes of when it claims they were due.

Finally, it worth noting that while Defendant seeks relief from the Court as to Plaintiff exhibits that were, at most, filed two days late, Defendant filed an untimely Reply brief that was, without explanation, ten days late.

3. Courts prefer allowing litigants to cure any *de minimus* errors

When evidence, such as Plaintiff's 38 exhibits constitute, is essential for the Court's review on a summary judgment motion to ensure the full factual record is before the Court, rejecting such evidence is not the appropriate remedy, to the extent one is even needed.  See, e.g., Duffey, 2016 WL 278971 WL 11422639, at *1 (N.D. Tex. Apr. 3, 2008) (holding evidence that was procedurally deficient in its submission was "indeed relevant to appropriately discerning the intricacies of this case. As such, rather than strike essential evidence, the Court will allow Plaintiff to cure the inadequacies."); *Electromedical Prod. Int'l, Inc. v. Pharm. Innovations, Inc.*, No. 4:20-CV-00403-O, 2020 WL 11039196, at *3 (N.D. Tex. Dec. 18, 2020) (finding exclusion of evidence that was presented improperly was "unwarranted and prejudice to Defendant may be cured" by allowing plaintiff to remedy the deficiency).  Instead, courts routinely allow litigants to cure any procedural deficiencies in order to adjudicate cases on their merits.  *See Moyer v. Jos. A. Bank Clothiers, Inc*., No. 3:11-CV-3076-L, 2013 WL 4434901, at *2 (N.D. Tex. Aug. 19, 2013) (previously granting plaintiff leave to cure procedural deficiencies in summary judgment evidence).

**B.    DEFENDANT'S "LOCAL Rule 16" ARGUMENT IS MERITLESS**

Defendant urges the Court to exclude all of Plaintiff's summary judgment evidence because Defendant claims Plaintiff did not "label and organize" her exhibits "as required by LR16." *See* Dkt. 84 at 3-4.  As an initial matter, Local Rule 16 does not relate to the labeling of

evidentiary exhibits and Defendant provides no other authority for its argument. Plaintiff can only guess what "rule" Defendant believes provides authority to exclude summary judgment evidence based on how the evidence is labeled. To be sure, failure to comply with a local rule is not a valid basis to exclude a party's summary judgment evidence. *Herring v. Renewable Energy Sys. Am's.*, Civil Action 4:21-cv-00260, 9 (S.D. Tex. Jul. 11, 2023). While the Hon. Tipton Court Procedures 16(g) deals with the filing and identification of exhibits, Procedure 16(g) does not provide a basis to exclude evidence, as Defendant seeks. This Court has soundly rejected "procedural gotcha" arguments similar to the one Lowe's instantly makes:

> I must address one final matter before turning to the merits of this case. Herring lodges a blanket objection against all of RES's exhibits because RES's motion for summary judgment "does not contain a proper Appendix, with page numbers, exhibit numbers, or alphabetized designations of each exhibit so that they may be located or identified within the record as required by Rule 7(B)(3) of the local rules of this court." Dkt. 59 at 6. As to PeopleReady, Herring objects that "there are no page numbers listed on the right hand tab" of PeopleReady's appendix. Dkt. 83 at 10. **These are not valid evidentiary objections. They are simply procedural "gotchas."** . . . **Even if the failure to comply with a local filing rule were a valid basis to discount a party's summary judgment evidence-and to be clear, it is not**-it still would not matter because RES and Herring substantially complied with this court's local rules.

*Herring,* No. 4:21-cv-00260 at 9 (emphasis supplied).

While Defendant's objections should be denied, for the Court's and Defendant's convenience, Plaintiff submits a supplement, attached herein as Exhibit A, which identifies the alphabetical labels for her exhibits.

## C.    NICKELSON'S ADMISSIONS ARE ADMISSIBLE

Defendant argues that Exhibits 81-33 and 81-37, which include or reference the deemed admissions of its employee, Goldie Nickelson, who was Plaintiff Gordon's supervisor, are inadmissible.  However, Lowe's does not assert a specific evidentiary rule that renders Nickelson's admissions inadmissible. *See* Dkt. 83 at 6*.* Rather, it argues that deemed admissions

are only binding against the responding party. *Id.* Lowe's argument misses the mark.

Rule 56 provides that admissions are competent summary judgment evidence. Fed. R. Civ. P. 56(c)(1)(A); *see also Estate of Newton v. Grandstaff,* Civil Action No. 3:10-CV-809-L, 5 (N.D. Tex. Jan. 18, 2013) (holding deemed admissions "constitute competent and undisputed summary judgment evidence."). A party may object to the competency of summary judgment evidence by establishing the evidence "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(B)(2). "While evidence at summary judgment is subject to the same rules as evidence at trial, at summary judgment, the Court may consider evidence in a form that is otherwise inadmissible, so long as it the information can be put into an admissible form at trial." *Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The non-moving party need only show either "that the material is admissible as presented or to explain the admissible form that is anticipated." Fed. R. Civ. P. 56(c)(2) Advisory Committee notes to the 2010 amendments. Nickelson's deemed admissions are competent summary judgment evidence in their current form. *Grandstaff,* No. 3:10-CV-809-L at 5. Even if they were not, the underlying facts can be presented in an admissible form at trial by testimony from Nickelson and several other witnesses, as well as through documentary evidence. On this basis, the Court should overrule Lowe's objections.

As to Lowe's general argument that Nickelson's admissions are inadmissible as to Lowe's, Gordon does not assert that Nickelson's admissions bind Lowe's insomuch that they are also considered admissions by Lowe's. Indeed, "the only limitation for the use of a matter deemed admitted is that "[a]n admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding." *Grandstaff,* No. 3:10-CV-809-L at

5 (quoting Fed. R. Civ. P. 36). Gordon offers the admission, in part, to prove that Nickelson engaged in certain conduct towards Gordon, which is relevant to, *inter alia,* Nickelson's intent and motive, the effect of his conduct on Gordon, the frequency of his conduct, his knowledge of Gordon's protected characteristics and activity, and his authority and decision making related to Gordon/ , among other issues. To what extent Lowe's is responsible for Nickelson's conduct is a distinct issue, which does not form the basis for the exclusion of Nickelson's admissions.

The cases Lowe's cites are arguably not instructive to the issue of whether an employer may avoid liability under Title VII for conduct established by the deemed admissions of a codefendant supervisor, as is the case here. In *Becerra v. Asher*, 105 F.3d 1042, 1048 (5th Cir. 1997), the court held deemed admissions of one defendant could not be used against other defendants to establish that plaintiff suffered a constitutional violation under the color of state law. In *United States v. Wheeler*, 161 F. Supp. 193, 197 (W.D. Ark. 1958), the court held that a deemed admission from one defendant as to the value of timber cannot be used to calculate the amount of a judgment for the value of the timber against another defendant to whom the request for admission was not directed. In *Riberglass v. Techni-Glass Industries, Inc.*, 811 F.2d 565, 566 (11th Cir. 1987), the court held that the district court erred when it disregarded a defendant's answers to requests for admission and determined there were no material disputes of fact about whether the defendant owed a debt to the plaintiff because two other codefendants were deemed to have admitted all material facts with respect to the plaintiff's claims against those codefendants.

Indeed, Courts have permitted the use of deemed admission from one party to be used by and/or against other parties to the litigation. For example, in *Gomez v. Mi Cocina Ltd.*, Civil Action No. 3:14-CV-2934-L, 9 (N.D. Tex. Aug. 4, 2017), the court decertified an entire class of

7

plaintiffs based on the deemed admissions of just some of the class members. Similarly, in *Grandstaff,* No. 3:10-CV-809-L at 5*,* the court allowed one defendant to use and rely on the plaintiffs' deemed admission to requests that were served by a different defendant.

While Lowe's waived any hearsay objection for failure to specifically raise it; had it not done so, its objection would fail because Nickelson's admissions can be used for non-hearsay purposes or are excepted from the rule against hearsay on several bases, including but not limited to: admission of a party opponent; statement against interests; the effect of Nickelson's conduct on Gordon; statement as to Nickelson's then-existing state of mind, including his motive and intent as to his conduct against Gordon; if Nickelson is unavailable to testify at trial either because "refuses to testify about the subject matter despite a court order to do so[,] testifies to not remembering the subject matter" or for any other reason; for purposes of attacking or supporting Nickelson's and other witnesses' credibility; and under Fed. R. Evid. 807's residual exception. For the foregoing reasons, Lowe's objections should be overruled.

## D.    VERIFICATION OF COUNSEL'S DECLARATION

Lowe's urges the Court to disregard Dkt. 81-37 (Ventress declaration) because it asserts it is not verified. Dkt. 84 at 5-6. Gordon disputes that Paragraphs 7-10 in Dkt. 81-37 are not properly verified, as each of those paragraphs provide that the information contained therein is "true and correct." As to the remaining paragraphs, the undersigned submits a supplemental declaration, attached hereto as Exhibit B, which cures any prior verification defect, thereby rendering Lowe's objections moot.[2]

---

[2] "Fifth Circuit courts have allowed parties to cure the defects of affidavits by filing amended versions." *BP Exploration & Prod. Inc. v. Cashman Equip. Corp.*, Civ. A. H-13-3046, 38 (S.D. Tex. Apr. 8, 2016) (overruling objection to a declaration because a supplemental filing cured any problems with objectionable declaration not being made on personal knowledge);

### E.    RESPONSE TO LOWE'S SPECIFIC OBJECTIONS TO DKT. 81-32

Lowe's objects to nearly every paragraph of Gordon's declaration on largely the same two bases. Lowe's claims that Gordon's statements (1) lack personal knowledge and (2) amount to legal conclusions. However, most of Lowe's objections are so vague and ambiguous that they amount to no objection at all. Lowe's does not cite caselaw or evidentiary rules and largely fails to provide enough factual or evidentiary specificity to warrant a proper objection, leaving Gordon and the Court to effectively guess as to the meaning of its objections. Lowe's objections are inadequate and are accordingly waived. *See, e.g., United My Funds, LLC v. Perera*, Civil Action No. 4:19-CV-00373, 12 (E.D. Tex. Mar. 12, 2020); *McLeod, Alexander, Powel Apffel, v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *Meat Cut. v. Cross Bros*. M. P, 518 F.2d 1113, 1121 (3d Cir. 1975).

As to Lowe's personal knowledge objections, generally: Gordon's perception of Lowe's conduct as harassment, discrimination, or retaliation, "is clearly within [her] personal knowledge." *Herring v. Renewable Energy Sys*. Am's., Civil Action 4:21-cv-00260, 5-6 (S.D. Tex. Jul. 11, 2023). Moreover, Gordon's declaration cannot be viewed in a vacuum. "Affidavits are to be considered in conjunction with other types of evidence before the court." *Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc*., 831 F.2d 77, 80 (5th Cir. 1987) (citing 10A C. Wright, A. Miller M. Kane, Federal Practice and Procedure § 2738 at 467 (1983). "Thus, so long as the

---

*Elwakin v. Target Media Partners Operating Co*., 901 F. Supp. 2d 730, 738-39 (E.D. La. 2012) (denying motion to stroke unsworn affidavit that did not substantially comply with 28 U.S.C. §1746 because it was not made "under the penalty of perjury" because the defect was cured and compliant affidavit was expeditiously refiled); *United States v. Filson*, 347 Fed.Appx. 987, 989, 991 (5th Cir.2009) (holding the magistrate did not err when it permitted the plaintiff to refile a defective affidavit in order to properly authenticate summary judgment evidence); *Johnson v. New South Federal Savings Bank*, 344 Fed.Appx. 955, 956–57 (5th Cir.2009) (finding that supplemental affidavit cured factual defects in the original affidavit).

record, taken as a whole, demonstrates that the [Gordon's] testimony meets the requirements of rule 56, it is properly before the court and should be considered on a summary judgment motion." *Lodge Hall Music, Inc*., 831 F.2d at 80. Further, the facts stated in Gordon's declaration are within the sphere of her position as a corporate Lowe's employee; therefore, it is "reasonable and logical" that there is a sufficient basis of Gordon's personal knowledge. *See Rutledge v. Liability Ins. Industry*, 487 F. Supp. 5, 7 (W.D. La. 1979); *Cutting Underwater Technologies USA, Inc. v. Eni U.S. Operating Co*., 671 F.3d 512, 516 (5th Cir. 2012).

As to Lowe's objections to legal conclusion objections, generally: Conclusory assertions are those that are void of factual support—made solely on belief or merely state legal conclusions or ultimate determinations. *SConservair, Inc. v. Quantem FBO Grp.-Hous., LLC*, NO. H-16-1496, 8 (S.D. Tex. Jun. 27, 2017); *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002). For instance, an affiant may not simply recite the essential elements of claims or ultimate determinations. *See, e.g., Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992) (holding it was inadmissible legal conclusion when the affiant "asserts that Carpenter acted with deliberate indifference and conscious disregard, as those mental states are conventionally defined."); *Herring,* No. 4:21-cv-00260 at 5 (holding it is an inadmissible legal conclusion for the affiant to state "I was injured as a result of the gross negligence"). Gordon's declaration stands in stark contrast to these examples. Gordon provides detailed factual statements from which a reasonable fact finder could determine that discrimination occurred. She does not baldly recite legal elements or ultimate conclusions of law. Simply using the word harassment or discrimination, for example, does not transform factual assertions within Plaintiff's personal knowledge into impermissible legal conclusions. *See id.* at 5-6.

As to Lowe's objections, generally: Any evidence to which Lowe's objects, if it is not

admissible in its current form, Gordon can present the evidence in an admissible form at trial through live testimony from the relevant witnesses or documentary evidence. For example, evidence to which Defendant's objects as to Gordon lacking personal knowledge or as conclusory, Gordon and several other witnesses can testify at trial to the basis of Gordon's personal knowledge and the facts underlying her testimony.

Finally, while Gordon addresses each of Defendant's objections below, Gordon submits a supplemental declaration, which moots most, if not all, of Defendant's objections, as best of Gordon can reasonably interpret them.

1.    <u>Paragraph 3</u>

Defendant does not specify what portion(s) of Plaintiff's statement it objects to being "conclusory and not a factual assertion." Dkt. 84 at 7. This is an inadequate objection, which Defendant has waived. Plaintiff is competent to testify to her promotion, her position, and her performance reviews. *See also* Exhibit C ¶3.

2.    <u>Paragraph 7</u>

Defendant does not specify what portion(s) of Plaintiff's statement it objects to being "conclusory and not factual assertions." *Id.* This is an inadequate objection, which Defendant has waived. Plaintiff is competent to testify to her perception of the nature of Nickelson's conduct and to Nickelson's reputation among her coworkers. *See Herring*, No. 4:21-cv-00260 at 5-6. *See also* Exhibit C ¶7.

3.    <u>Paragraph 8</u>

Plaintiff is competent to testify to her perception of Nickelson's conduct towards female and disabled employees based on her observations and general knowledge from working with these individuals during the relevant time period. *See also* Exhibit C ¶8.

4.    Paragraph 9

Plaintiff is competent to attest to the facts that Willtrout was the store manager while she was employed; and that Willtrout never investigated her complaints against Nickelson. *See also* Exhibit C ¶9. Willtrout also admitted that he took no specific actions to ensure that Nickelson did not engage in any retaliatory conduct towards Plaintiff, after receiving her complaints. See ECF 81-31 (Willtrout Depo; 173:22-174:10, Exhibit EE).

5.    Paragraph 10

Plaintiff is competent to attest to the facts that she reported to Lowe's, including that she reported that she perceived Nickelson's treatment to be "hostile," that he used a "demeaning tone and language" with her, and violated her known accommodations. *See Herring*, No. 4:21-cv-00260 at 5-6.

6.    Paragraph 13

Plaintiff is competent to attest whether she was concerned for her health when COVID-19 began and whether her chronic medical conditions were listed among those considered high risk. She is not offering an expert opinion, and her lay opinion is admissible under Fed. R. Evid. 702. *Hansard v. Pepsi-Cola Metropolitan Bottling*, 865 F.2d 1461, 1467 (5th Cir. 1989) ("Basically, Rule 701 is a rule of discretion. . . . The trier of fact can normally be depended upon . . . to pick up the non-verbal signals, which, although absent from the record, indicate fairly clearly when the witness is describing what he saw and when he is describing what he thinks happened; the trier of fact also should generally be depended upon to give whatever weight or credibility to the witness' opinion as may be due.") (citing 3 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 701[02], at 701-31 to -32 (1988)); *see also BP Exploration & Prod. Inc. v. Cashman Equip. Corp.*, Civ. A. H-13-3046, 8-9 (S.D. Tex. Apr. 8, 2016) (citing *Doddy v. Oxy*

*USA, Inc.*, 101 F.3d 448, 459-60 (5th Cir. 1996)).

7.    Paragraph 15

Plaintiff is competent to testify as to her knowledge of what PPE was deemed appropriate based on the information that was provided to the general public during Covid-19. Plaintiff is also competent to testify as to whether there were delays in Lowe's placing plastic barriers at the registers, as she worked at or near the registers during the relevant time.  Plaintiff cannot reasonably interpret the meaning of Defendant's objection that Plaintiff's statements concerning delays in Lowe's providing PPE constitutes a medical opinion. Plaintiff can testify to the PPE under Fed. R. Evid. 701. *See also* Exhibit C ¶15

8.    Paragraph 16

As best as Plaintiff can reasonably interpret Defendant's objection, it appears to be based on Plaintiff's statement that Nickelson "did not seem to care" about whether Plaintiff had taken her lunch break. Plaintiff is competent to attest to her own perception of Nickelson's conduct. *Herring*, No. 4:21-cv-00260 at 5-6. Plaintiff provided a detailed description of the facts that formed the basis of her perception. Defendant's objection is meritless.

9.    Paragraph 17

The statements at issue are excepted from the rule against hearsay because they were made the statement while Bradford and Willtrout were, respectively, acting as Lowe's agents and Gordon's supervisor. "[U]nder Federal Rule of Evidence 801(d)(2)(D), a statement made by 'the party's agent or employee on a matter within the scope of that relationship and while it existed' is not hearsay." Luman v. Diaz, Civil Action H- 19-4920, 21-22 (S.D. Tex. Sep. 1, 2022) (quoting Fed. R. Evid. 801(d)(2)(D) while it existed' is not hearsay." *Luman v. Diaz*, Civil Action H- 19-4920, 21-22 (S.D. Tex. Sep. 1, 2022) (quoting Fed. R. Evid. 801(d)(2)(D). Further, the

statements are admissible for non hearsay purposes, including to show their effect of on Gordon. *Id.; United States v. Reed*, 908 F.3d 102, 120 (5th Cir. 2018). Finally, even if the Court were to determine that the statements are inadmissible hearsay in their current form, they can be offered in admissible form at trial through live testimony of Bradford and Willtrout. *Luman*, No. H- 19-4920 at 22-23 (overruling hearsay objection, in part, because the declarants will be able to testify to the facts at trial).

10.    Paragraph 18

Plaintiff is competent to testify to what she inquired from the EEOC. As to Defendant's assertion that "[t]he last sentence is conclusory and provides no factual basis for Gordon's knowledge of what Nickelson knew[,]" Plaintiff provides a factual basis for Nickelson's knowledge: ". . . because he came into my office few days later to show me a screen where it showed a complaint about him had been made, telling me, "I know you called in on me." Defendant's objections are frivolous.

11.    Paragraph 19

It is not hearsay for Plaintiff to state that "Pavelka suggested I speak with Mr. Willtrout about taking medical leave." Even if Plaintiff were using Pavelka's statement to prove that she did speak with Willtrout or that she did take medical leave, "under Federal Rule of Evidence 801(d)(2)(D), a statement made by 'the party's agent or employee on a matter within the scope of that relationship and while it existed' is not hearsay." *Luman,* No. H- 19-4920 at 21-22. Further, Pavelka's statement is admissible for non hearsay purposes, including to show their effect of on Gordon. *Id*.; *Reed*, 908 F.3d at 120. Finally, even if the Court were to determine that the statements are inadmissible hearsay in their current form, they can be offered in admissible form at trial through live testimony of Plaintiff, Pavelka, Willtrout, and other witnesses. *Luman*, No.

H- 19-4920 at 22-23.

12.    Paragraph 20

The record is replete with information to show that Willtrout made a deliberate effort to avoid addressing Plaintiff's concerns. Plaintiff is competent to testify as to her perception of Willtrout's conduct, including that he was refusing to meet with her or that he was avoiding her so that he did have to hear about or handle her accommodation requestions. *See also* Exhibit C ¶20.

13.    Paragraph 21

Plaintiff provides specific facts that are squarely within her personal knowledge (*i.e.,* that Lowe's required supervisory authorization for Covid leave applications, but because Willtrout would not meet with Plaintiff, she could not obtain that authorization), that support her assertion that Lowe's constructively denied her application. *See also* Exhibit C ¶21.

14.    Paragraph 22

The record as a whole establishes that Plaintiff is competent to testify to Lowe's response to her complaints, and management's awareness of her health conditions.  See ECF 81-12 (Lowes Gordon 372, Exhibit L).   *See also* Exhibit C ¶22.

15.    Paragraph 23

Plaintiff is competent to testify as to the reasons she was terminated (insubordination), and as to the underlying facts as to why Defendant alleged she was insubordinate (refusing to work in conditions that were unsafe to her. *See also* Exhibit C ¶23.

16.    Paragraph 25

Plaintiff is competent to testify to her belief that Lowe's subjected her to conduct that she perceived to unlawful discrimination on the basis of her race, gender, and disability. *See Herring*,

No. 4:21-cv-00260 at 5-6. The record also contains substantial evidence to inform Plaintiff's belief.

17.    <u>Paragraph 26</u>

Plaintiff is competent to testify to her belief that Lowe's unlawfully denied her the right to take medical leave and leave associated with the COVID-19 virus as a result of my medical conditions. *See id.* The record also contains substantial evidence to inform Plaintiff's belief. Plaintiff's belief is a permissible lay opinion under Fed. R. Evid. 702.

18.    <u>Paragraph 27</u>

Plaintiff is competent to testify to her belief that Lowe's subjected her to retaliation. *See Herring*, No. 4:21-cv-00260 at 5-6. The also record contains substantial evidence to inform Plaintiff's belief.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court overrule Defendant's objections and deny its motions to strike.

Dated: October 1, 2024

Respectfully Submitted by:

*/s/ Lisa Ventress*
Lisa Ventress
Federal Bar No.  3471199
Texas SBN 24076751
1322 Space Park Dr. Ste C222
Houston, TX 77058
Telephone: (832) 240-4365
Facsimile: (832) 565-1752
Email: lisa@theventressfirm.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I, Lisa Ventress, hereby certify that on October 1, 2024, I will electronically file the

foregoing with the Clerk of Court using the CM/ECF system, which will then send notification to

all counsel of record, including the following counsel for Lowe's and Willtrout:

Claudine G. Jackson
Maritza Y. Sanchez
Phelps Dunbar LLP
201 Main Street, Suite 1350
Fort Worth, Texas 76102
Telephone: 817 386 1166
Facsimile: 817 386 1170


Dated: October 1, 2024

By: /s/ Lisa Ventress, Esq.

## CERTIFICATE OF WORD COUNT

I certify that this Response complies with the word limitation pursuant to Hon. Tipton Court Procedures 15(e); Fed. R. Civ. P. 16(c). Gordon prepared this Response with Microsoft Word for Mac Version 16.89.1 ("Word"). Using Word's word count tool, this Response contains 4,758 words, excluding the case caption, signature block, table of contents, table of authorities, and certificates of service and word count.

Dated: October 1, 2024

By: /s/ Lisa Ventress, Esq.