United States District Court
Southern District of Texas
**ENTERED**
February 11, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TREMAINE GORDON and CYNTHIA L. COVINGTON, | § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 4:22-CV-04109 |
| LOWE'S HOME CENTERS, LLC, THOMAS WILLTROUT, and GOLDIE NICKELSON, | | |
| Defendants. | | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE IN PART

Pending before the Court is the January 22, 2025, Memorandum and Recommendation ("M&R") prepared by Magistrate Judge Peter Bray. (Dkt. No. 96). Judge Bray made findings and conclusions and recommended that Defendant Lowe's Home Centers, LLC's Motion for Summary Judgment on Tremaine Gordon's Claims, (Dkt. No. 70), be granted; Defendant Thomas Willtrout's Motion for Summary Judgment on Tremaine Gordon's Claims, (Dkt. No. 73), be granted; Defendant Lowe's Home Centers, LLC's Motion to Strike and Objections to Plaintiff's Summary Judgment Evidence, (Dkt. No. 84), be denied as moot; Plaintiff's Motion for Leave to Submit the Foregoing Motion to Strike Defendant's Untimely Reply, (Dkt. No. 87), be denied as moot; and Lowe's Home Centers, LLC's Motion to Strike Plaintiff Tremaine Gordon's Sur-replies, (Dkt. No. 91) be denied as moot.

The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On February 5, 2025, Plaintiff Tremaine Gordon filed several objections to Judge Bray's M&R.[1] (Dkt. No. 98). First, Gordon argues that Judge Bray erred by applying a two-year statute of limitations to Plaintiff's claims under Section 1981. (*Id.* at 2–11). Second, Gordon argues that the Judge Bray erred by analyzing her claims under the Families First Coronavirus Response Act ("FFCRA") by applying factual findings under the FMLA to Gordon's FFCRA claims. (*Id.* at 11–16).

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The Court has carefully considered de novo those portions of the M&R to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. Finding no plain error as to the portions of the M&R

---

[1] In the objections, Plaintiff's counsel repeatedly refers to Judge Bray as "the Magistrate." More than thirty years ago, Congress adopted the title of United States Magistrate Judge to reflect the role magistrate judges play in relieving the burgeoning caseloads in the United States District Courts and the corresponding burdens on district judges. *See* Judicial Improvements Act of 1990, Pub. L. No. 101-650, § 321, 104 Stat. 5089, 5117. Because the word magistrate is merely descriptive of the type of judge, addressing a magistrate judge as "magistrate" is improper. It would be the equivalent of addressing a district judge as "district." The proper way to refer to a magistrate judge or any other federal judge is "Judge." Counsel are reminded to use the correct title, in the future, when referring to any magistrate judge.

with no objections, the Court accepts those portions of the M&R and adopts them as the opinion of the Court.

Turning to the portions of the M&R that do have objections, the Court finds that Gordon raises new arguments in her objections that were not fully briefed before Judge Bray. Generally, objections are not intended to raise new arguments not initially briefed to the magistrate judge or to reference evidence not cited in the summary judgment briefs. *See Firefighters' Ret. Sys. v. EisnerAmper, L.L.P.*, 898 F.3d 553, 559 (5th Cir. 2018) ("Plaintiffs forfeited their [legal] argument by raising it for the first time in their objection to the magistrate judge's Report and Recommendation."); *Cooper v. City of Dallas*, 402 F.App'x 891, 892 n.1 (5th Cir. 2010) ("Because [a party's argument] was not properly presented to the magistrate judge, we cannot address it here."); *Cornett v. Astrue*, 261 F.App'x 644, 650 (5th Cir. 2008) ("[Plaintiff] did not present his legal impediments arguments to the magistrate judge and, therefore, is not entitled to raise them on appeal."). The Court will thus not consider those new arguments or evidence raised for the first time in the objections. And because Plaintiff's arguments could change Judge Bray's recommendation as to Gordon's Section 1981 and FFCRA claims, the summary judgment motions as to those claims are terminated without prejudice.

Defendants shall, by March 14, 2025, refile any motions for summary judgment to address the arguments and claims addressed in Plaintiff's objections. Plaintiff's response is due by April 4, 2025. Any reply by Defendants is due by April 11, 2025. The case remains referred to Judge Bray for management. (Dkt. No. 3).

It is therefore ordered that:

(1) Judge Bray's M&R (Dkt. No. 96) is **ACCEPTED** and **ADOPTED** in part as the holding of the Court;

(2) Defendant Lowe's Home Centers, LLC's Motion for Summary Judgment on Tremaine Gordon's Claims, (Dkt. No. 70), is **GRANTED in part** and **TERMINATED in part**;

(3) Defendant Thomas Willtrout's Motion for Summary Judgment on Tremaine Gordon's Claims, (Dkt. No. 73), is **GRANTED in part** and **TERMINATED in part**;

(4) Defendant Lowe's Home Centers, LLC's Motion to Strike and Objections to Plaintiff's Summary Judgment Evidence, (Dkt. No. 84), is **DENIED as MOOT**;

(5) Plaintiff's Motion for Leave to Submit the Foregoing Motion to Strike Defendant's Untimely Reply, (Dkt. No. 87), is **DENIED as MOOT**; and

(6) Defendant Lowe's Home Centers, LLC's Motion to Strike Plaintiff Tremaine Gordon's Sur-replies, (Dkt. No. 91) is **DENIED as MOOT**.

It is SO ORDERED.

Signed on February 11, 2025.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**